UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-116-MOC

| | |
|---|---|
| JO'SHON NANCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| FACEBOOK, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on initial review of the pro se Complaint [Doc. 1]. The Plaintiff has paid the full filing fee.

### I. BACKGROUND

The pro se incarcerated Plaintiff filed this action pursuant to 42 U.S.C. § 1983, claiming violations of his Eighth and Fourteenth Amendment rights. The Plaintiff names as Defendants: FaceBook, Mark Zuckerburg, and "Head of Facebook." [Doc. 1 at 1-2]. He states his claim as follows:

> Did not comply with privacy policy, or ensure my safety in ways that he should have, and showed deliberate indifference towards my safety. Now I'm serving a sentence for false accusations.

[Id. at 3]. For injury, he alleges:

> I lost 3 yr's of my life due to misinformed information because certain people was able to track my whereabouts and put me in a situation where I was took away from my kids, my family, I have the evidence of this that came in my motion of discovery, showing people who was not accepted on my page and how they were able to locate me and it wasn't court ordered/ordered to do so.

[Id.] (errors uncorrected). He seeks $250,000 in damages for "putting [him] in harms way [and] for violating [his] privacy policy & violating [his] 14th Amendment (Equal Protection)." [Id. at 5] (errors uncorrected).

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S.

2

__, 143 S.Ct. 1444 (2023); see also DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999) (if the defendant is not a state actor, there must be a "sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions").

The Plaintiff's allegations are so vague and conclusory that they fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The Court is unable to determine that any of the private parties names as Defendants are amenable to suit under § 1983, or to discern any legal theory that may be able to support a plausible claim. Accordingly, the Complaint is dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and it is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A as frivolous and for failure to state a claim upon which relief can be granted.

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to §§ 1915(e)(2)(B)(i)-(ii) and 1915A.

2. The Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without further notice.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 complaint form and a copy of this Order.

Signed: September 26, 2023

Max O. Cogburn Jr.
United States District Judge